IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANDRE JACOBS, )
 )
    Plaintiff, )
 )
v. ) Civil Action No. 08-470
 ) Judge Conti
 ) Magistrate Judge Bissoon
CITY OF PITTSBURGH, *et al*., )
 )
    Defendants. )

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Motion to Dismiss filed by the Allegheny County Defendants[1] (Doc. 57) be granted in part and denied in part.

### II. REPORT

Plaintiff, Andre Jacobs, is a state prisoner who alleges that his constitutional rights were violated while he was being held at the Allegheny County Jail between an unspecified date in April, 2005, and September 27, 2006 (Doc. 55, ¶ 19). The Allegheny County Defendants have filed a Motion to Dismiss (Doc. 57). Plaintiff has responded (Doc. 71) and the motion is ripe.

    **A.**     **Applicable Standard**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). A complaint must be dismissed even if the claim

---

[1] Defendants Onorato, Emerick, Rustin, Pofi, Donnis, Leon, Chapman, Beveridge, Bozak, Pindel, Kavals, McCall, Stanton, Rubel, Crapis and Tutera, collectively, will be referred to collectively as the "Allegheny County Defendants."

to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937, 1949 (2009).

**B.     Analysis.**

    **1.     Defendant Tutera.**

Plaintiff alleges that Defendant Ryan Tutera, an Assistant District Attorney, violated his civil rights during two separate criminal prosecutions in 2006. In Imbler v. Pachtman, the United States Supreme Court held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." 424 U.S. 409, 431 (1976). In order for absolute immunity to apply, the prosecutor's conduct during the initiation and presentation of the State's case must be "an integral part of the judicial process." Id. at 430. The Supreme Court has since reaffirmed that "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

Here, all of the allegations against Defendant Tutera arise from actions he took during criminal proceedings and in his capacity as an Assistant District Attorney employed by Allegheny County. Defendant Tutera is, therefore, entitled to absolute immunity, and all claims against him should be dismissed.

### 2. Supervisory liability.

Several of the moving Defendants assert that Plaintiff has failed to allege their personal involvement in any constitutional violation, and that Plaintiff has failed to allege facts sufficient to hold them liable as supervisors. Supervisory liability may not be premised solely upon a theory of *respondeat superior.* Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, some personal involvement of the supervising official must be alleged. Id. Supervisory liability for Section 1983 violations can be established by evidence showing that officials: (1) participated in violating a plaintiff's rights; (2) directed others to violate a plaintiff's rights; (3) knew of, and acquiesced in, their subordinates' violation of a plaintiff's rights; or (4) knew of, and tolerated, past or ongoing misbehavior. Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 & n.3 (3d Cir. 1995).

Plaintiff alleges in his Amended Complaint that supervisory personnel were aware of past misbehavior by subordinates, but failed to correct it, and that this led to a violation of Plaintiff's rights. Plaintiff has alleged a facially plausible claim of supervisory liability, and the Motion to Dismiss should be denied in this respect

### 3. Statute of limitations.

Defendants seek to dismiss several of Plaintiff's claims on the basis that they are barred by the applicable statute of limitations. The limitations period for actions brought under Section 1983 is determined by state law. Wilson v. Garcia, 471 U.S. 261, 272-76 (1985). Pennsylvania applies a two-year statute of limitations to civil rights actions brought pursuant Section 1983. 42 Pa. Cons. Stat. § 5524; Epps v. City of Pittsburgh, 33 F.Supp.2d 409 (W.D. Pa. 1998). This lawsuit was commenced on April 7, 2008. Plaintiff makes several claims based upon acts that

occurred prior to April 7, 2006. More specifically, Plaintiff alleges that he was falsely accused of assaulting corrections officers during July, 2005, when, in fact, the officers had assaulted him.

Although it is apparent that several of Plaintiff's claims are based upon factual predicates that occurred more than two years prior to the date the Complaint was filed, Plaintiff argues that he should be entitled to equitable tolling. Defendants have not addressed the issue of equitable tolling in their brief, and the undersigned believes it advisable, therefore, to address this issue at the summary judgment stage. The Motion to Dismiss should be denied with respect to Defendants' statute of limitations defense.

    **4.**    **Due process.**

Plaintiff alleges that he was placed in the Disciplinary Housing Unit ("DHU") at Allegheny County Jail from April, 2005 through April, 2008, and that he was not provided notice of charges, a hearing or an appeal from the decision to place him in the DHU (Doc. 55, ¶ 36). Defendants assert that this "seventeen months" of placement in more restrictive housing is not sufficient to state a due process claim. While Plaintiff has alleged that he was confined in the DHU for three years, this is inconsistent with Plaintiff's earlier statement that he was transferred to state custody on September 27, 2006 (Id., ¶ 19).

In order to state a due process claim, Plaintiff must first set out facts that demonstrate he had a protected liberty interest impaired by the Defendant's actions. Hewitt v. Helms, 459 U.S. 460 (1983); Morrissey v. Brewer, 408 U.S. 471 (1972). Once the Court determines that the interest asserted is protected by the Due Process Clause, the question then becomes what process is due to protect it. Sandin v. Conner, 515 U.S. 472 (1995) (segregated confinement for brief periods is not atypical hardship sufficient to trigger due process protections); Griffin v. Vaughn, 112 F.3d 703 (3d Cir. 1997) (it is not atypical to be exposed to conditions of administrative

custody for periods as long as fifteen months because such stays are within the expected parameters of an inmate's sentence).

The length of time that Plaintiff spent in the DHU is critical to determining if he has stated a due process claim. While seventeen months is likely not sufficient to trigger due process protections, see Griffin, supra, three years may suffice, and the lack of some form of periodic review of Plaintiff's continued confinement in the DHU may state a claim. Shoats v. Horn, 213 F.3d 140 (3d Cir. 2000) (long-term placement in segregated confinement may give rise to procedural due process protections). Plaintiff has alleged a facially plausible due process claim and the Motion to Dismiss should be denied in this respect.

### 5. State law claims.

Plaintiff seeks to hold the Allegheny County Defendants liable for state law claims including assault, battery and intentional infliction of emotional distress. Defendants move to dismiss on the basis that such claims are barred by the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541. The Act provides that a local agency is not liable for any damages for personal injury caused by an act of the local agency or an employee thereof unless the injury falls into one of the following exceptions: vehicle liability; care, custody, or control of personal property; real property; trees, traffic controls and street lighting; utility service facilities; streets; sidewalks; and care, custody, or control of animals. Id. § 8542(b)(1)-(8). Employees of local agencies are entitled to the same immunity from suit for actions taken within the scope of their employment. Id., § 8545. Plaintiff's claims do not fit within any of the enumerated exceptions, and his state law claims are barred. Plaintiff's state law claims against the Allegheny County Defendants should be dismissed.

### 4. Remaining bases for dismissal.

The undersigned has reviewed the remainder of the arguments made by the Allegheny County Defendants in support of their Motion to Dismiss, and concludes that Plaintiff has set forth facially plausible claims in each respect. The Motion to Dismiss should be denied with the exception of the claims against Defendant Tutera and Plaintiff's state law claims.

### III. CONCLUSION

It is respectfully recommended that the Motion to Dismiss filed by the Allegheny County Defendants (Doc. 57) be granted in part and denied in part as set forth more fully above.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules for Magistrates, objections to this Report and Recommendation are due by July 6, 2010. Failure to timely file objections may constitute a waiver of any appellate rights.

s/ Cathy Bissoon
Cathy Bissoon
United States Magistrate Judge

Date: June 21, 2010

**Cc:**
**ANDRE JACOBS**
DQ5437
SCI Coal Township
1 Kelley Drive
Coal Township, PA 17866