# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE JACOBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-470 |
| | ) | |
| CITY OF PITTSBURGH, et al., | ) | Judge Conti |
| | ) | Magistrate Judge Bissoon |
| Defendants. | ) | |
| | ) | |

## ORDER

Plaintiff Andre Jacobs ("Plaintiff"), is a state prisoner who alleges that his constitutional rights were violated while he was being held at the Allegheny County Jail between an unspecified date in April, 2005, and September 27, 2006 (Doc. 55) ¶ 19. Currently before this Court are Plaintiff's motion to compel discovery, (Doc. 101), and Plaintiff's motion to appoint counsel, (Doc 104).

With respect to his motion to compel discovery, Plaintiff asserts that he served his first set of interrogatories and document requests on counsel for the Allegheny County Defendants on June 24, 2010, and that these were ignored. (Doc 101) at 1-2. Plaintiff did not attach these discovery requests to his motion. Counsel for the Allegheny County Defendants responds that he is unable to locate these discovery requests, and implies that "[a]t lease one other individual no longer with the County" might be to blame.[1]

Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial."

---

[1] Counsel's response is, to say the least, inadequate.

Hickman v. Taylor, 329 U.S. 495, 501 (1947). The polestar of discovery is relevance. Relevance for discovery purposes is defined broadly. See Rega v. Beard, No. 08-156, 2010 WL 2404420, at *1 (W.D.Pa. June 10, 2010) (Bissoon, M.J.).

Rule 37 of the Federal Rules of Civil Procedure allows a party who has received evasive or incomplete discovery responses to seek a court order compelling additional disclosure or discovery. However, "[t]he party seeking the order to compel must demonstrate the relevance of the information sought. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper." Opinion One Mortg. Corp. v. Fitzgerald, No. 3:07-cv-1877, 2009 WL 648986, at *2 (M.D.Pa. Mar 11, 2009) (internal citations and quotes omitted).

By not providing this court with copies of the interrogatories and discovery requests at issue, Plaintiff fails to meet his burden of demonstrating the relevancy of his requests. Consequently, this motion will be denied without prejudice to Plaintiff refiling it with the requests attached.

Next, this Court addresses Plaintiff's motion for appointment of counsel. (Doc. 104). In this filing Plaintiff argues that 1) he faces interference from prison officials with respect to access to adequate amounts of his legal materials; 2) his incarceration limits his ability to investigate his claims and communicate with inmate potential witnesses; 3) expert testimony is required to prosecute his claims; and 4) Plaintiff lacks access to a typewriter, telephone, and reliable legal research materials. Id. at 3-9. Additionally, Plaintiff alleges that he is a target for retaliation from corrections officers because "it is no secret that Plaintiff has won one of, if not the[], biggest *pro se* federal lawsuits in Pennsylvania history . . . ." Id. at 104.

The United States Court of Appeals for the Third Circuit set forth the standard to be applied by district courts when responding to a request for counsel pursuant to the provisions of 28 U.S.C. Section 1915(e)(1) in <u>Tabron v. Grace</u>, 6 F.3d 147 (3d Cir. 1993). The court in <u>Tabron</u> acknowledged that district courts have no authority to compel counsel to represent an indigent civil litigant. <u>Id.</u> at 157 n.7. The court also recognized that when "[a]n indigent Plaintiff with a claim of arguable merit is incapable of presenting his or her case, serious consideration should be given to appointing counsel." <u>Id.</u> at 156. The Court of Appeals likewise addressed the practical constraints confronted by district courts regarding the appointment of counsel, which include the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation. <u>Id.</u> at 157.

The Court of Appeals also announced a series of factors that the trial court should consider and apply in ruling upon a motion for the appointment of counsel. <u>Id.</u> at 155-56. These factors include: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations, and; (6) whether the case will require testimony from expert witnesses.

In the instant case, Plaintiff's claims are not complex. A review of the complaint in light of the factors announced in <u>Tabron</u> reveals the following.

> (1) The particular legal issues are not difficult. While Plaintiff indicates that his access to legal materials is severely limited, there is no indication from the quality of his filings that he will be

3

(2) The necessary factual investigation can be adequately pursued by Plaintiff. With respect to Plaintiff's assertion that he has had difficulty communicating with inmate potential witnesses, arrangements have been made in the past for inmates to correspond with potential witnesses pursuant to the policy of the Department of Corrections.

(3) Plaintiff appears to have no particular problem pursuing his claims at this stage in the litigation.

(4) Plaintiff's claims do not appear to require extensive or complicated discovery.

(5) Plaintiff's case will likely turn on credibility determinations.

(6) It is possible that this case will require the testimony of expert witnesses.

Plaintiff raises strong arguments in support of his motion for counsel. However, factors that weigh against the appointment of counsel include that this case is still at the motion to dismiss stage, the sophistication of Plaintiff's prior filings, the shortage of counsel willing to undertake representation without compensation, and this Court's ultimate inability to compel counsel to represent an indigent civil litigant. Additionally, Plaintiff relates that he has won what he characterizes as possibly the "biggest *pro se* federal lawsuit[] in Pennsylvania history" and makes no demonstration that he has been unable to obtain counsel through his own efforts. Consequently, Plaintiff's motion for the appointment of counsel (Doc. 104) must be denied at this time.

AND NOW, this 3rd day of February, 2011,

IT IS HEREBY ORDERED that Plaintiff's motion to compel discovery (Doc. 103) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's Motion to Appoint Counsel (Doc. 104) is DENIED.

IT IS FURTHER ORDERED that the parties are allowed until February 17, 2011, to appeal this order to a district judge pursuant to Rule 72.C.2 of the Local Rules for Magistrates. Failure to appeal in a timely manner may constitute waiver of the right to appeal.

s/Cathy Bissoon
CATHY BISSOON
UNITED STATES MAGISTRATE JUDGE

**cc:**
**ANDRE JACOBS**
DQ5437
SCI Huntingdon
1100 Pike Street
Huntingdon, PA 16654