# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE JACOBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-470 |
| | ) | |
| CITY OF PITTSBURGH, et al., | ) | Judge Conti |
| | ) | Magistrate Judge Bissoon |
| Defendants. | ) | |
| | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the motion to dismiss filed by Defendants O'Keefe and Usner ("Moving Defendants") be granted in part, granted without prejudice in part to Plaintiff's ability to file an amended complaint with respect to certain claims, and denied in part. It is recommended that Plaintiff's claims that are relevant to this report be disposed of in the following manner:

1. Plaintiff's Section 1981 claims should be dismissed, *sua sponte*, without prejudice as to all Defendants;

2. Plaintiff's Section 1983 malicious prosecution claims should be dismissed with prejudice with respect to Moving Defendants;

3. Plaintiff's Section 1983 conspiracy claims should be dismissed as to Moving Defendants, without prejudice to Plaintiff's ability to file an amended complaint including allegations of conspiracy based on his Section 1983 claims of false arrest and violations of the Eighth Amendment;

4. Plaintiff's Section 1985 claims against all Defendants should be dismissed without prejudice;

5. Plaintiff's Section 1986 claims should be dismissed without prejudice, *sua sponte*, as to all Defendants;

6. Plaintiff's state law claims should be dismissed, with prejudice, to the extent that they allege liability against Moving Defendants in their official capacities, and for negligent acts committed in their individual capacities;

7. Plaintiff state law tort claims of intentional infliction of emotion distress, made against Moving Defendants in their individual capacities, should be dismissed without prejudice to Plaintiff amending these claims; and

8. Moving Defendants' motion to dismiss should be denied in all other respects.


## II. <u>REPORT</u>

Plaintiff Andre Jacobs ("Plaintiff") is a state prisoner currently incarcerated at the State Correctional Institution at Huntingdon, Pennsylvania (SCI-Huntingdon"). Plaintiff brings this suit against a host of Defendants pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981, the Civil Rights Act of 1871, 42 U.S.C. § 1983, *et seq*., and various state tort laws. Am. Compl. (Doc. 55) at 2. Plaintiff alleges that rights his under the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution were violated by Defendants while he was being held at the Allegheny County Jail ("ACJ") between an unspecified date in April, 2005, and September 27, 2006. <u>Id.</u> at 2 and ¶ 19. This civil action commenced with the receipt of the initial complaint by this Court on April 7, 2008. (Doc. 1). Plaintiff was granted

leave to proceed *in forma pauperis* ("IFP") on April 18, 2008. (Doc. 4). Plaintiff sought leave to

file an amended complaint on April 6, 2009. (Doc. 49). This motion was granted on July 1,

2009, and the amended complaint was filed on that date. (Docs. 54-55). Moving Defendants

filed this motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), on August 30,

2010.[1] (Doc. 98). Plaintiff moved for two extensions of time to file responses thereto.

(Docs. 100, 103). Plaintiff's response ultimately became due on January 19, 2011. See Text

Order of December 28, 2010. As of the date of this report, no response has been filed. Moving

Defendants' motion to dismiss is now ripe for disposition.


### A.  Plaintiff's Factual Allegations

A summary of Plaintiff's factual allegations concerning Moving Defendants is as follows.

Moving Defendants are, or were during the period of time relevant to this suit, City of Pittsburgh

Police detectives. (Doc. 55) ¶ 4. Plaintiff asserts that Moving Defendants conspired with

various other Defendants in this case to undermine Plaintiff's complaints regarding the

conditions of the Disciplinary Housing Unit ("DHU") at ACJ. Id. ¶¶ 24-26.

Specifically, Plaintiff alleges that, on June 1, 2005, he was assaulted by various non-

moving Defendants and denied medical care for his resulting injuries. Id. ¶¶ 40-42. Following

these events, Defendant O'Keefe "acted in cahoots" with these non-moving Defendants by

---

[1] To the extent that Moving Defendants raise the affirmative defenses that they are immune from
suit and that Plaintiff's claims are barred by the statute of limitations, their motion would be
properly captioned as a motion for judgment on the pleadings, pursuant to Rule 12(c). However,
this distinction is largely academic, as there is no material difference in the standards of review
for motions made pursuant to Rules 12(b)(6) and 12(c). Spruill v. Gillis 372 F.3d 218, 223 n.2
(3d. Cir. 2004).

lodging false criminal charges against Plaintiff "which lack[ed] probable cause on their face." Id. ¶ 43

Next, Plaintiff alleges that on July 7, 2005, he was assaulted and denied medical care by various non-moving Defendants. Id. ¶¶ 45-47. As he allegedly did earlier, Defendant O'Keefe entered into a conspiracy with these Defendants to charge Plaintiff with crimes stemming from this event. Id. ¶ 49.

Additionally, on July 25, 2005, various non-moving Defendants allegedly planted "a piece of metal in [Plaintiff's] cell . . . ." Id. ¶ 51. Plaintiff alleges that Defendant O'Keefe provided unspecified "conspiratorial assistance" to those Defendants, and also criminally charged Plaintiff without probable cause. Id. ¶ 54.

Next, Plaintiff alleges that he was the victim of an assault at the hands of various Defendants on September 21, 2006, when he refused to comply with an order "to bend over again so [a Defendant] could put a flash-light in [Plaintiff's] butt" during a protracted strip search. Id. ¶¶ 64-68. Plaintiff further alleges that he was denied adequate medical treatment for injuries that he sustained as a result. Id. ¶¶ 69-70. The Defendants who perpetrated the use of force at issue "conspired to, and did, concoct a story that" Plaintiff had instigated the assault. Id. ¶ 72. This resulted in more "false criminal charged being lodged against [Plaintiff]." Id. ¶ 72. Defendant Usner furthered this conspiracy by "knowingly . . . filing a fabricated and misleading affidavit of probable cause." Id. ¶ 73.

Plaintiff next relates that, during October and November of 2006, he was tried on the charges lodged against him for the events of June 1 and July 7, 2005. Id. ¶ 75. Defendant O'Keefe acted as "case manager" during these trials, and coached various non-moving

Defendants to perjure their testimony "with the intent to deprive [Plaintiff] of a fair trial and validate [Defendant O'Keefe's] false affidavits of probable cause. <u>Id.</u> ¶ 77.

Next, Plaintiff alleges that Defendant Pittsburgh Police Department propagates a policy of "affording ACJ prisoners less protection under the law in arresting procedures." <u>Id.</u> ¶ 88. Plaintiff generally states that it was pursuant to this policy that Moving Defendants "charge[d] prisoners without investigation or talking to the alleged victim before issuing affidavits of probable caused [*sic*] premised on good-faith." <u>Id.</u>

Finally, Plaintiff sues all Defendants to this action in their official and individual capacities. <u>Id.</u> ¶ 14.

## B. <u>Legal Standard</u>

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint" <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008). A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S.__, 129 S.Ct. 1937, 1949 (2009). A court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. <u>See California Pub. Emp.s' Ret. Sys. v. Chubb Corp.</u>, 394 F.3d 126, 143 (3d Cir. 2004). Nor must a court accept

legal conclusions set forth as factual allegations.  <u>Twombly</u>, 550 U.S. at 555.  Furthermore, it is not proper for a court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." <u>Assoc.'d Gen. Contractors of California, Inc. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).

The United States Court of Appeals for the Third Circuit has recently held that, when determining whether to dismiss a complaint for failing to state a claim upon which relief can be granted, a district court should apply a two-part test in order to determine whether a pleading's recitation of facts is sufficient.  <u>See</u> <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203 (3d Cir. 2009). "First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  <u>Id.</u> at 210-11 (<u>citing</u> <u>Iqbal</u>, 129 S.Ct. at 1949).  "Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'"  <u>Fowler</u>, 578 F.3d at 211 (<u>quoting</u> <u>Iqbal</u>, 129 S.Ct. at 1950).

Finally, if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile.  <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004).

## C. __Analysis__

### 1. __Federal Law Claims__

Plaintiff's claims of violations of federal laws are addressed as follows.

#### a. __Plaintiff's Claims under Section 1981__

Plaintiff's § 1981 claims are easily disposed of as frivolous.[2]  In order to state a claim

under Section 1981, a plaintiff "'must allege facts in support of the following elements: (1) [that

plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the

defendant; and (3) discrimination concerning one or more of the activities enumerated in the

statute. . . .'" Brown v. Phillip Morris, Inc., 250 F.3d 789, 797 (3d Cir. 2001) (quoting Yelverton

v. Lehman, No. Civ. A. 94-6114, 1996 WL 296551, at *7 (E.D.Pa. June 3, 1996), *aff'd. mem.*,

175 F.3d 1012 (3d Cir.1999)).  Plaintiff does not assert that any of Defendants' alleged bad acts

were based his race.  To the contrary, Plaintiff affirmatively states that these acts were allegedly

committed as retaliation for his filing of numerous complaints concerning the conditions of his

confinement, and due to his status as a prisoner as well.  (Doc. 55) ¶¶ 24, 28.   Accordingly,

_____

[2]  Despite the fact that Moving Defendants do not address this claim in their motion to dismiss, it is still proper for this Court to address the issue *sua sponte*.  28 U.S.C.§ 1915 (as amended) requires the federal courts to review complaints filed by persons that are proceeding IFP and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Thus, a court must dismiss, *sua sponte*, a complaint that lacks arguable merit in fact or law.  Stackhouse v. Crocker, 266 Fed.Appx. 189, 190 (3d Cir. 2008) (citing Neitzke v. Williams, 490 U.S. 319, 325 (1989)). The standard for reviewing a complaint under this section 1915(e)(2)(B) is the same as that for determining a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999); see also Banks v. Mozingo, No. 08-004, 2009 WL 497572, at *6 (W.D.Pa. Feb. 26, 2009) (Cercone, J.).

Plaintiff's Section 1981 claim should be dismissed with respect to all Defendants. However, as it appears that the grant of leave to amend Plaintiff's complaint with respect to this claim would not necessarily be futile, dismissal should be without prejudice.

### b. Plaintiff's Section 1983 Claims

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by* Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

### i. Malicious Prosecution

First, Plaintiff asserts that Moving Defendants' alleged bad acts create a cause of action under Section 1983 for malicious prosecution. In order to state a such a claim under Section 1983, it is necessary for Plaintiff to allege facts supporting the following:

> (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding

Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009) (quoting Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003)). The first four elements make up the tort of malicious prosecution under Pennsylvania law. Kossler, 564 F.3d at 186 n.2 (citing Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 791 (3d Cir. 2000)).

The fifth prong of this test rests on the axiom that any constitutional claim for malicious prosecution must arise under the Fourth Amendment's prohibition of unreasonable searches and seizures. However, "[a] prisoner who is in custody when a criminal action is commenced against him cannot bring a malicious prosecution claim because the filing of criminal charges does not deprive him of liberty." Israel v. Super't of S.C.I. Fayette, No. 08-428, 2009 WL 693248, at *13 (W.D.Pa. Mar. 13, 2009) (Hay, Mag.J.) (quoting Jacobs v. Godinez, No. 95 C 7020, 1998 WL 128676, at *2 (N.D.Ill. Mar. 18, 1998)). Additionally, "[m]ere compulsory attendance at trial will not support a malicious prosecution claim." Kalomiris v. Ford, 2009 WL 4051298 (M.D.Pa. Nov. 20, 2009) (citing DiBella v. Borough of Beechwood, 407 F.3d 599, 603 (3d Cir. 2005)).

In the case *sub judice* Plaintiff fails to state a claim against Defendants because, at the very least, he is unable to satisfy the fifth requirement of the above-mentioned test. An examination of the amended complaint indicates that Plaintiff was already deprived of his liberty at all periods of time relevant to this suit. Specifically, Plaintiff asserts that, in April of 2005, when he was detained at ACJ, he had been transferred to its custody from the Pennsylvania Department of Corrections ("DOC"), and was returned to the custody of the DOC in September 27, 2006.[3] Thus, Plaintiff was, at the time that he was placed under arrest by Moving

---

[3] This Court takes judicial notice of the fact that the period of time of Plaintiff's incarceration at ACJ corresponds to the time that Plaintiff was detained on charges that he, as a prisoner plaintiff in a civil suit in the Western District of Pennsylvania, assaulted United States Marshals, in

Defendants, already a convicted and incarcerated prisoner.  See Israel, 2009 WL 693248, at *13.

Accordingly, his Section 1983 claims of malicious prosecution against Moving Defendants

should be dismissed.  Additionally, as it appears that granting leave to amend would be futile,

this dismissal should be with prejudice.


ii.    False Arrest

Plaintiff also asserts facts that indicate that he is attempting to make a constitutional

claim for false arrest against Moving Defendants.[4]  The Fourth Amendment to the Constitution

of the United States protects individuals "against unreasonable searches and seizures[.]"  U.S.

Const. amend. IV.  An arrest made without probable cause creates and action for false arrest

under Section 1983.  Pittman v. McDuffy, 240 Fed.Appx. 524, 526 (3d Cir. 2007) (citing

Dowling v. City of Phila., 855 F.2d 136, 141 (3d Cir. 1988)); cf. Papachristou v. City of

Jacksonville, 405 U.S. 156, 169 (1972).  As such, in order to determine whether Plaintiff has

stated a claim for false arrest under Section 1983, this Court must examine for sufficiency

---

violation of 18 U.S.C. §§ 111(a)(1) and (b).  See, generally, Docket, United States v.  Jacobs,
No. 05-cr-64 (W.D.Pa. filed Mar. 22, 2005); see also United States v. Jacobs, 311 Fed.Appx.
535, 535-36 (3d Cir. 2008).  When adjudicating a motion to dismiss for failure to state a claim,
courts are permitted to take judicial notice of matters of public record and prior judicial opinions.
See, e.g., McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009).

[4] The Supreme Court of the United States has recognized that false imprisonment and false arrest
are intertwined, stating "[f]alse arrest and false imprisonment overlap; the former is a species of
the latter."  Wallace v. Kato, 549 U.S. 384, 388 (2007).  Consequently, this Court's analysis of
Plaintiff's false arrest claim also addresses Plaintiff's allegations of false imprisonment – to the
extent that he attempts to make such a claim under Section 1983.

Plaintiff's assertion that his arrests at the hands of Moving Defendants were made without probable cause.[5]

"Probable cause to arrest requires more than mere suspicion; however, it does not require that the officer have evidence sufficient to prove guilt beyond a reasonable doubt." Orsatti v. New Jersey State Police, 71 F.3d 480, 482-83. (3d Cir. 1995). Instead, "[p]robable cause exists where the facts and circumstances within their [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed. . ." Dunaway v. New York, 442 U.S. 200, 208 n.9 (1979) (internal quotes and citations omitted). This requires only a "fair probability" that the arrestee committed the relevant crime. See Wilson v. Russo, 212 F.3d 781, 789 (3d Cir. 2000).

In determining whether probable cause existed at the time of an arrest, the courts apply an objective standard based on "'the facts available to the officers at the moment of arrest.'" Barna v. City of Perth Amboy, 42 F.3d. 809, 819 (3d Cir. 1994) (quoting Beck v. Ohio, 379 U.S. 89, 96 (1964)). Later acquittal of the crimes for which an individual was arrested is irrelevant to the determination of whether probable cause existed to effectuate the arrest lawfully. Wright v. City of Phila., 409 F.3d 595, 602 (3d Cir. 2005).

Moving Defendants argue that they had probable cause to arrest Plaintiff, and cite to the fact that Plaintiff went to trial based on two of these arrests as conclusive evidence of this. (Doc. 99) at 14. This reasoning fails at the motion-to-dismiss stage for two reasons. First, Plaintiff's

---

[5] Moving Defendants do not directly address the issue of false arrest – other than to argue that Plaintiff's claims are barred by the statute of limitations. However, Moving Defendants do argue, as support for the dismissal of Plaintiff's malicious prosecution claims, that probable cause existed at the time of the arrests in question. (Doc. 99) at 14-18.

factual allegations that he went to trial on these allegedly false charges relate only to the arrests stemming from the events of June 1, 2005, and July 7, 2008. (Doc. 55) ¶ 75. There is no indication in the amended complaint, nor do Moving Defendants provide this Court with any public records of which it may take notice, of a trial stemming from Defendant Usner's allegedly "misleading affidavit of probable cause" related to the events of July 25, 2005, or to those of September 21, 2006. Id. at ¶ 73. Second, Plaintiff alleges that Moving Defendants' affidavits of probable cause contained information that Moving Defendants knew to be false. Cf. Wilson, 212 F.3d at 786-87 (holding that false statements made knowingly, deliberately, or recklessly by police can invalidate probable cause even after a warrant is issued, if the warrant is based upon said statements). As such, it is impossible to say that it is clear on the face of the complaint that probable cause did not exist, and thus Moving Defendants' assertion of its existence is premature. Instead, it is advisable to address the issue of probable cause, if appropriate, during summary judgment.

Additionally, it would seem logical that the above-mentioned inability of incarcerated individuals to state a claim for malicious prosecution under the Fourth Amendment would be applicable to allegations of false arrest as well. Moving Defendants have failed to brief this issue, but this Court has found some support for this conclusion from the case law within the Third Circuit. See Israel, 2009 WL 693248, at *12 n.8 (finding that plaintiff's conviction and incarceration at the time of his arrest precluded him from making a false arrest claim); see also McCabe v. City of Phila., No. Civ.A. 01-CV-3975, 2002 WL 32341787, at *4 (E.D.Pa. Nov. 13 2002) ("[a] plaintiff cannot state a claim for false arrest when he is already in custody"), *aff'd on other grounds* 76 Fed.Appx. 464 (3d Cir. 2003)). However, neither of the

above-mentioned cases provide conclusive support for the proposition that it is appropriate to dismiss a constitutional claim of false arrest solely because a plaintiff was already incarcerated due to a prior conviction at the time of said arrest. Accordingly, given the lack of clarity of the law on this issue, and out of an abundance of caution, Moving Defendants' motion to dismiss should be denied with respect to Plaintiff's constitutional claim of false arrest.

iii.    Section 1983 Conspiracy

Next, it appears that Plaintiff attempts to state a claim against Moving Defendants for conspiracy under Section 1983. In order to set forth a cognizable conspiracy claim, a plaintiff cannot rely on broad or conclusory allegations. D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1377 (3d Cir. 1992); Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989); Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989). The Court of Appeals for the Third Circuit has noted that a civil rights conspiracy claim is sufficiently alleged if the complaint details the following: 1) the specific conduct that violated the plaintiff's rights, 2) the time and the place of the conduct, and 3) the identity of the officials responsible for the conduct. Oatess v. Sobolevitch, 914 F.2d 428, 431 n.8 (3d Cir. 1990).

A plaintiff must allege conspiracy with particularity even though a heightened pleading standard generally does not apply to civil rights actions. Bieros v. Nicola, 860 F.Supp. 223, 225 (E.D.Pa. 1994) (citing Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993)). A complaint alleging a conspiracy must make "factual allegations of combination, agreement, or understanding among all or between any of the defendants [or coconspirators] to plot, plan, or conspire to carry out the alleged chain of events."

13

Spencer v. Steinman, 968 F.Supp. 1011, 1020 (E.D.Pa. 1997). See also Loftus v. Southeastern Pa. Transp. Auth., 843 F.Supp. 981, 987 (E.D.Pa. 1994) ("[w]hile the pleading standard under [Fed.R.Civ.Proc.] Rule 8 is a liberal one, mere incantation of the words 'conspiracy' or 'acted in concert' does not talismanically satisfy the Rule's requirements").

The essence of a conspiracy is an agreement or concerted action between individuals. See D.R. by L.R., 972 F.2d at 1377; Durre, 869 F.2d at 545. A plaintiff must therefore allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive a plaintiff of a protected federal right. See D.R. by L.R., 972 F.2d at 1377; Rose, 871 F.2d at 366. Where a civil rights conspiracy is alleged, there must be specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity. Deck v. Leftridge, 771 F.2d 1168, 1170 (8th Cir. 1985). A plaintiff cannot rely on subjective suspicions and unsupported speculation. Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991)).

Additionally, as Section 1983 does not create a cause of action for conspiracy in and of itself, a plaintiff must also allege some underlying deprivation of a constitutional right. Davis v. Wilson, No. 08-589, 2009 WL 688912, at *12 (W.D.Pa. Mar 12, 2009) (Hay, Mag.J.) (quoting Holt Cargo Systems, Inc. v. Delaware River Port Auth., 20 F.Supp.2d 803, 843 (E.D.Pa. 1998)); see also Hickson v. Marina Assoc.s, ___ F.Supp.2d ____, No. 08-cv-2407, 2010 WL 3883451, at *10 n.22 (D.N.J. Sept. 27, 2010) ("[t]he theory of conspiracy does not yield an independent cause of action under Section 1983, but instead presents merely a means to impute liability to other wrongdoers for violations of federal rights").

In the case *sub judice*, it is clear that Plaintiff has failed to allege sufficient facts, with sufficient particularity, to state a plausible claim for relief under the theory of Section 1983 conspiracy against Moving Defendants with respect to his Eighth Amendment and false arrest claims. Conclusory statements, such as they acted "in cahoots", or that they "conspired to, and did, concoct a story[,]" simply are insufficient to impute liability onto Moving Defendants under Section 1983. Additionally, while Plaintiff's factual allegations of a conspiratorial meeting of the minds between various Defendants are much more fleshed out with respect to his claims of malicious prosecution, for the reason stated above, Plaintiff has failed to state an underlying claim of the deprivation of a constitutional right under that theory. Consequently, Plaintiff's Section 1983 conspiracy claims, with respect to Moving Defendants only, should be dismissed. However, as it would not necessarily be futile to allow Plaintiff leave to amend his Section 1983 conspiracy claims – to the extent that they are tied to his allegations of false arrest and Eighth Amendment violations – Plaintiff should be granted leave to do so.

c. Section 1985 Conspiracy

Plaintiff's factual allegations lead to the conclusion that he also is attempting to assert liability against Moving Defendants for conspiracy pursuant to 42 U.S.C. § 1985(3). In order to state a claim for conspiracy under Section 1985(3), Plaintiff must allege facts supporting the conclusion that 1) Defendants engaged in a conspiracy; 2) the conspiracy's purpose was to deprive a person or class of persons of equal protection of the laws or equal privileges and immunities under the law; 3) Defendants committed an act in furtherance of the conspiracy; and 4) Defendants' actions resulted in injury to the plaintiff. See Faber v. City of Patterson, 440 F.3d

131, 134 (3d Cir. 2006). A conspiracy based on Section 1985 must be based on some sort of invidious discriminatory animus, such as racial or class-based animus. <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102 (1971).

Plaintiff fails to state a claim for conspiracy under Section 1985 for two reasons. First, as with his Section 1983 conspiracy claims, he has failed to allege sufficient facts to state a plausible claim for relief. <u>See</u> Part II.C.1.b.iii, *supra*. Second, Plaintiff does not allege any actionable form of "invidious discriminatory animus" in his amended complaint. Indeed Plaintiff's factual assertions instead lead to the conclusion that his alleged mistreatment by Defendants was based on his filing of numerous complaints, and a policy of discrimination against all prisoners at ACJ. <u>See</u> (Doc. 55) ¶¶ 21, 24, 28, 30. Furthermore, to the extent that Plaintiff alleges that Moving Defendants' alleged bad acts were based on Plaintiff's status as a prisoner, he still fails to satisfy this requirement, as it is well established that prisoners are not a protected class. <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 317 (3d Cir. 2001). Accordingly, it is respectfully recommended that Plaintiff's Section 1985 conspiracy claims be dismissed with respect to all Defendants. However, as it is not apparent that it would be futile to do so, leave to amend should be granted with respect to these claims.

### d. Liability Under Section 1986

Plaintiff argues, generally, in his complaint, that Defendants are liable for violations of 42 U.S.C. § 1986. In order for liability under Section 1986 to attach, an underlying violation of Section 1985 must have been committed. <u>See</u> 42 U.S.C. § 1986; <u>see</u> <u>also</u> <u>Dorsey v. Daub</u>, No. 09-CV-3879, 2011 WL 322887, at *6 (E.D.Pa. Feb. 2, 2011). As Plaintiff has failed to state a

valid Section 1985 claim against any Defendant, Plaintiff's Section 1986 claims should be dismissed, without prejudice, as well.

2. **State Law Claims**

In addition to his claims against Defendant O'Keefe under federal law, Plaintiff raises the following state law claims against him: abuse of process, false arrest, wrongful imprisonment intentional infliction of emotional distress, and malicious prosecution. (Doc. 55) ¶¶ 99, 103-05, 108 and 111. Likewise, Plaintiff asserts the following state law claims against Defendant Usner for his alleged bad acts: abuse of process, false arrest, wrongful imprisonment, and intentional infliction of emotional distress. Id. ¶ 108. Moving Defendants argue that they are immune from suit with respect to these state law clams and, quite generally, that Plaintiff has failed to state a claim with respect to them. (Doc. 99) at 8-12.

The Pennsylvania Political Subdivision Tort Claims Act ("PPSTCA"), 42 Pa.C.S.A. § 8541, *et seq*. establishes the extent to which a political subdivision of the Commonwealth of Pennsylvania may be liable for the tortious acts of it agents. In order for liability to attach to a municipality under the PPSTCA, it is required that:

> (1) [t]he damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and
>
> (2) [t]he injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, "negligent acts" shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

17

42 Pa.C.S.A. § 8542(a)(1)-(2).  Employees of local agencies are entitled to this same immunity

from suit for actions taken within the scope of their employment.  42 Pa.C.S.A. § 8545.

Liability for negligent acts is allowed by this statute for negligent torts relating to eight

categories: 1) vehicle liability; 2) care, custody and control of personal property; 3) real property;

4) trees, traffic controls and lighting; 5) utility service facilities; 6) streets; 7) sidewalks; and 8)

care, custody and control of animals.  42 Pa.C.S.A. § 8542(b)(1)-(8).  The PPSTCA prohibits

claims against a political subdivision for intentional torts committed by its employees.  See e.g.,

Overstreet v. Borough of Yeadon, 475 A.2d 803, 803-04 (Pa. Super. 1984) (finding malicious

prosecution claim against borough bared by the PPSTCA).  However, immunity from suit under

the PPSTCA does not apply to tortfeasors, sued in their individual capacities, for conduct that

constitutes a crime, fraud, actual malice, or willful misconduct – absent some other form of

immunity.  See 42 Pa.C.S.A. § 8550; see also Overstreet, 475 A.2d at 803-04; see also Steiner by

Steiner v. City of Pittsburgh, 509 A.2d 1368, 1370 (Pa. Cmwlth. 1986).

Here, it is clear that Plaintiff's state tort claims, to the extent that they are based on

negligence, do not fall into any of the above exceptions, and thus should be dismissed.  It also is

clear that, to the extent that Plaintiff sues Moving Defendants in their official capacities, his

claims that they are liable for intentional torts should be dismissed as well.

However, to the extent that Plaintiff brings this lawsuit against Moving Defendants in

their individual capacities, Moving Defendants are not shielded from liability by the PPSTCA.

Indeed, it has been held that intentional torts such as false arrest, false imprisonment, malicious

prosecution, and abuse of process constitute willful misconduct or actual malice.  Atkinson v.

18

City of Phila., NO.CIV. A. 99-1541, 2000 WL 295106, at *3 (E.D.Pa. Mar. 21, 2000) (citing Gonzalez v. City of Bethlehem, NO.CIV. A. 93-1445, 1993 WL 276977, at *3 (E.D.Pa. July 13, 1993)).

Moving Defendants do not address in their brief their potential personal liability under Pennsylvania state tort laws for their alleged willful misconduct.  Consequently, their motion should be denied with respect to most of those claims.  The sole exception to this is Plaintiff's claims of intentional infliction of emotional distress.  To succeed on such a claim under Pennsylvania state law, Plaintiff must show that Moving Defendants, by extreme and outrageous conduct, intentionally or recklessly caused severe emotion distress.  See McCluskey v. United States, No. 10-694, 2010 WL 4024717, at *4 (W.D.Pa. Oct. 12, 2010) (Fischer, J.) (quoting Restatement (Second) of Torts § 46); see also Taylor v. Albert Einstein Med. Ctr., 754 A.2d 650, 652 (Pa. 2000).  Pennsylvania law defines outrageous conduct as that which is "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'"  Reeves v. Middletown Athletic Ass'n, 866 A.2d 1115, 1123 n.5 (Pa. Super. 2004) (quoting Hoy v. Angelone, 720 A.2d 745, 754 (Pa. 1998)).  Additionally, a plaintiff attempting to assert such a claim under Pennsylvania law also must allege that he suffered "some type of resulting physical harm due to the defendant's outrageous conduct."  Reeves, 866 A.2d at 1122-1123 (citing Fewell v. Besner, 664 A.2d 577, 582 (Pa. Super. 1995)).

In this case, Plaintiff has failed to allege that he has experienced any sort of physical manifestation of the emotional harm that he allegedly suffered at the hands of Moving Defendants.  Without the existence of physical symptoms accompanying Plaintiff's alleged

emotional distress, Plaintiff fails to state a claim of intentional infliction of emotional distress against Moving Defendants.  See Corbett v. Morgenstern, 934 F.Supp. 680, 684-85 (E.D.Pa. 1996) (citing Love v. Cramer, 606 A.2d 1175, 1179 (Pa. Super. 1992), *app. denied* 621 A.2d 580 (Pa. 1992) (Table)).  However, as it is not clear that it would be futile for Plaintiff to amend his complaint with respect to this claim, dismissal should be granted without prejudice.

### 3.   Statute of Limitations

Moving Defendant argue that at least a portion of Plaintiff's claims are barred by the statute of limitations.  Moving Def.s' Br. in Supp of Mot. to Dismiss (Doc. 99) at 9-10.

As this Court noted in its prior report and recommendation in this case, see (Doc. 89) at 5, Plaintiff argues in the complaint that he is entitled to equitable tolling.  It is advisable to address this issue at the summary judgment stage.  Moving Defendants motion to dismiss should be denied with respect to their statute of limitations argument.

### 4.   Moving Defendants' Remaining Arguments for Dismissal

Finally, the undersigned has reviewed the remainder of Moving Defendants' arguments in their motion to dismiss, and concludes that they are unpersuasive.

### III.  CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that Moving Defendants' motion to dismiss (Doc. 98) be granted in part, granted without prejudice in part to Plaintiff's ability to file an amended complaint with respect to certain

claims, and denied in part. It is recommended that Plaintiff's claims that are relevant to this report be disposed of in the following manner:

1. Plaintiff's Section 1981 claims should be dismissed, *sua sponte*, without prejudice as to all Defendants;

2. Plaintiff's Section 1983 malicious prosecution claims should be dismissed with prejudice with respect to Moving Defendants;

3. Plaintiff's Section 1983 conspiracy claims should be dismissed as to Moving Defendants, without prejudice to Plaintiff's ability to file an amended complaint including allegations of conspiracy based on his Section 1983 claims of false arrest and violations of the Eighth Amendment;

4. Plaintiff's Section 1985 claims against all Defendants should be dismissed without prejudice;

5. Plaintiff's Section 1986 claims should be dismissed without prejudice, *sua sponte*, as to all Defendants;

6. Plaintiff's state law claims should be dismissed, with prejudice, to the extent that they allege liability against Moving Defendants in their official capacities, and for negligent acts committed in their individual capacities;

7. Plaintiff state law tort claims of intentional infliction of emotion distress, made against Moving Defendants in their individual capacities, should be dismissed without prejudice to Plaintiff amending these claims; and

8. Moving Defendants' motion to dismiss should be denied in all other respects.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation are due by March 4, 2011. Failure to timely file objections may constitute a waiver of any appellate rights.


February 18, 2011                              s/Cathy Bissoon
                                               Cathy Bissoon
                                               United States Magistrate Judge


cc:
ANDRE JACOBS
DQ5437
SCI Huntingdon
1100 Pike Street
Huntingdon, PA 16654