# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE JACOBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-470 |
| | ) | |
| CITY OF PITTSBURGH, et al., | ) | Judge Conti |
| | ) | Magistrate Judge Bissoon |
| Defendants. | ) | |
| | ) | |

## ORDER

Plaintiff Andre Jacobs ("Plaintiff"), is a state prisoner who alleges that his constitutional rights were violated while he was being held at the Allegheny County Jail between an unspecified date in April, 2005, and September 27, 2006 (Doc. 55) ¶ 19. Currently before this Court are several motions filed by various parties to this case, as well as this Court's order that counsel for the Allegheny County Defendants, Craig Maravich, Esquire, show cause as to why he should not be sanctioned for his conduct in this case.

The first motion to be addressed in this order is the Allegheny County Defendants' motion challenging this Court's grant of leave to Plaintiff to proceed in this case *in forma pauperis* ("IFP"). (Doc. 117). In support of revoking Plaintiff's IFP status, Allegheny County Defendants note that the docket does not reflect that payments are being made for the filing fee for this case. Id. ¶ 2. Defendants also call this Court's attention to the fact that Plaintiff recently won a large verdict in another civil action, Jacobs v. Pennsylvania Department of Corrections, No. 04-1366 (W.D.Pa. filed Sept. 9, 2004).

Allegheny County defendants present no evidence that Plaintiff was improperly granted leave to proceed IFP. Furthermore, under the Prisoner Litigation Reform Act, it is the responsibility of the institution housing a prisoner-plaintiff – and not that of the plaintiff himself – to make monthly payments on the filing fee, and then only if the amount of money in that individual's prisoner trust account exceeds ten dollars. 28 U.S.C. § 1915(b)(2). Plaintiff can hardly be faulted if his prison does not make payments on the filing fee, or if he possesses insufficient funds for them to do so.

Additionally, while it is true that Plaintiff has won a significant judgment in the above-mentioned civil action, the docket reflects that that case currently is on appeal, and Defendants have provided nothing beyond insinuation to show that Plaintiff has received any of the money that he was awarded as a result of the trial. For these reasons, Allegheny County Defendants' motion is without merit, and will be denied.

Second, Allegheny County Defendants seek leave to depose Plaintiff, pursuant to Federal Rule of Civil procedure 30(a)(2)(B). (Doc. 118). Plaintiff responds that, due to prison regulation restricting him to possessing one banker's box of legal material in his cell at a time, as well as irregularities on the part of Mr. Maravich, Plaintiff is unable to prepare adequately for a deposition.[1] (Doc. 119). This Court is aware of Plaintiff's issues regarding the limitation of the amount of legal material to which prison regulations allow him access. However, this motion is not for the production of documents, and if Plaintiff does not recall the answer to a question during a deposition, he is free to answer in such a manner. Accordingly, this motion will be granted.

---

[1] In response to this contention, this Court notes despite having filed an exhibit chronicling discovery requests on April 4, 2011 (ECF No. 122), Plaintiff has not yet filed a motion to compel discovery from Allegheny County Defendants.

Finally, this Court addresses the issue of sanctions with respect to certain irregularities in Mr. Maravich's performance in this case. This Court issued an order to show good cause why it should not issue sanctions on February 18, 2011. (Doc. 114). Mr. Maravich responded thereto on March 4, 2011. (Doc. 116). Based on Mr. Maravich's responses, this Court will exercise its discretion not to impose sanctions at this time. Cf. Tracinda Corp v. DaimlerChrysler AG, 502 F.3d 212, 242 (3d Cir. 2007).

AND NOW, this 13th day of April, 2011,

IT IS HEREBY ORDERED that Allegheny County Defendants' Motion to Challenge Plaintiff's IFP Status (Doc. 117) is DENIED.

IT IS FURTHER ORDERED that Allegheny County Defendants' Motion for Leave to Take Prisoner Deposition (Doc. 118) is GRANTED. The Superintendent of the State Correctional Institution at Huntingdon is directed to produce Andre Jacobs for a deposition at a date convenient to the Superintendent of the State Correctional Institution at Huntingdon and counsel for Defendants. Counsel for each Defendant shall be permitted, to the extent allowed by the Federal Rules of Civil Procedure and the Federal Rules of Evidence, to depose Plaintiff at this deposition.

IT IS FURTHER ORDERED that in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1) (A), and Rule 72.C.2 of the Local Rules for Magistrates, objections to this order must be filed by April 27, 2011. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, --- F.3d ----, 2011 WL 635274, *5 n.7 (3d Cir. Feb. 9, 2011).

<pre>                                        s/Cathy Bissoon
                                        CATHY BISSOON
                                        UNITED STATES MAGISTRATE JUDGE
</pre>

**cc:**
**ANDRE JACOBS**
DQ5437
SCI Huntingdon
1100 Pike Street
Huntingdon, PA 16654