# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE JACOBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-470 |
| | ) | |
| CITY OF PITTSBURGH, et al., | ) | Judge Conti |
| | ) | Magistrate Judge Bissoon |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM ORDER

Plaintiff Andre Jacobs ("plaintiff") is a state prisoner currently incarcerated at the State Correctional Institution at Huntingdon, Pennsylvania ("SCI-Huntingdon"). Plaintiff brings this suit against a host of defendants pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981, the Civil Rights Act of 1871, 42 U.S.C. § 1983, *et seq.*, and various state tort laws. Am. Compl. (ECF No. 55) at 2. This case was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.C and 72.D of the Local Rules for Magistrate Judges.

Plaintiff alleges that rights his under the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution were violated by defendants while he was being held at the Allegheny County Jail ("ACJ") between an unspecified date in April, 2005, and September 27, 2006. Id. at 2 and ¶ 19. This civil action commenced with the receipt of the initial complaint by this court on April 7, 2008. (ECF No. 1). Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") on April 18, 2008. (ECF No. 4). Plaintiff sought leave to file an amended complaint on April 6, 2009. (ECF No. 49). This motion was granted on

July 1, 2009, and the amended complaint was filed on that date. (ECF Nos. 54-55). Defendants O'Keefe and Usner filed the instant motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), on August 30, 2010. (ECF No. 98). Plaintiff moved for two extensions of time to file responses thereto. (ECF Nos. 100, 103). Plaintiff's response ultimately became due on January 19, 2011. See Text Order of December 28, 2010. No response was filed.

On February 18, 2011, the magistrate judge issued a report and recommendation (ECF No. 113), recommending that the motion to dismiss filed by defendants O'Keefe and Usner (ECF No. 98) be granted with prejudice in part, granted without prejudice in part, and denied in part. (ECF No. 113). According to the docket, a copy of the report was mailed to plaintiff at his address of record. The parties were allowed until March 4, 2011, to file objections. As of the date of this writing no objections have been filed.

After *de novo* review of the pleadings and documents in the case, together with the report and recommendation, the following order is entered.

AND NOW, this   19th   day of  April , 2011,

IT IS HEREBY ORDERED that the motion to dismiss filed defendants O'Keefe and Usner (ECF No. 98) is GRANTED WITH PREJUDICE in part, GRANTED WITHOUT PREJUDICE in part, and DENIED in part.

IT IS FURTHER ORDERED that plaintiff's claims that are relevant to this order be disposed of in the following manner:

    1. Plaintiff's § 1981 claims are dismissed, *sua sponte*, without prejudice as to all defendants;

2. Plaintiff's § 1983 malicious prosecution claims are dismissed with prejudice with respect to defendants O'Keefe and Usner;

3. Plaintiff's § 1983 conspiracy claims are dismissed as to defendants O'Keefe and Usner, without prejudice to plaintiff's ability to file an amended complaint including allegations of conspiracy based on his § 1983 claims of false arrest and violations of the Eighth Amendment;

4. Plaintiff's § 1985 claims against all defendants are dismissed without prejudice;

5. Plaintiff's § 1986 claims are dismissed without prejudice, *sua sponte*, as to all defendants;

6. Plaintiff's state law claims are dismissed, with prejudice, to the extent that plaintiff alleges liability against defendants O'Keefe and Usner in their official capacities, and for negligent acts committed in their individual capacities;

7. Plaintiff's state law tort claims of intentional infliction of emotion distress, made against defendants O'Keefe and Usner in their individual capacities, are dismissed without prejudice to plaintiff amending these claims; and

8. The instant motion to dismiss is denied in all other respects.

IT IS FURTHER ORDERED that plaintiff is granted twenty-one days from the date of this order in which to file an amended complaint, if appropriate. Failure to file an amended complaint within the specified time will result in all claims that have been dismissed without prejudice being dismissed with prejudice.

IT IS FURTHER ORDERED that the magistrate judge's report and recommendation of February 18, 2011 (ECF No. 113), is adopted as the opinion of the court.

BY THE COURT:

/s/ Joy Flowers Conti
JOY FLOWERS CONTI
UNITED STATES DISTRICT JUDGE

cc:
**ANDRE JACOBS**
DQ5437
SCI Huntingdon
1100 Pike Street
Huntingdon, PA 16654