IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE JACOBS, | Civil Action No. 08 - 470 |
| Plaintiff, | |
| v. | Judge Joy Flowers Conti / Chief Magistrate Judge Lisa Pupo Lenihan |
| | ECF Nos. 200, 201, 204 |
| PITTSBURGH POLICE DEPARTMENT, et al, | |
| Defendants. | |

## MEMORANDUM OPINION

Pending before the Court are three motions. The first, ECF 200, is a Motion to Compel Discovery. The second, ECF 201 is a Supplemental Motion to Compel Discovery and a third, ECF 204, is a Motion to Conduct Depositions by Written Questions of Various Prisoners. The docket in this case is extremely complicated, as evidenced by the fact that there have been over 200 filings. The Court will do its best to try to unravel the issues presented by the Plaintiff. The Court will address each motion in order of filing.

A. <u>ECF No. 200 Motion to Compel Discovery</u>

This motion is directed toward the Medical Defendants named in this lawsuit.

1. Plaintiff requests the identities of Nurse Bethann and Jane Doe. The Medical Defendants' response to interrogatories indicate that all medical records have been provided to the Plaintiff. It seems to the Court that the Plaintiff can review these records to ascertain who the Jane Doe defendant is. Regarding the identity of Nurse Bethann, Defendant argues that the allegations against Nurse Bethann occurred in June and July of 2005. This is verified in the complaint in this matter, which was filed on April 7, 2008. Therefore, any claims as to an incident in June or July of

1

2005 are clearly barred by the statute of limitations. At the end of this motion, Plaintiff throws out a defense of equitable tolling without any development or specific statements in support thereof. The Court fails to see how equitable tolling could apply in this situation. Clearly, Plaintiff would be aware of what happened to him in 2005. The Court therefore finds that information regarding Nurse Bethann is irrelevant in this matter.

2. Plaintiff avers that in interrogatory response number 7 attached to his motion, Medical Defendants state that they have no "non-privileged" materials in response to this request. He requests that if privileged documents exist, a privilege log be provided. Plaintiff is correct in this assertion and, if privileged documents do exist, the Medical Defendants are ordered to provide a privilege log within 20 days of the date of this order.

3. Plaintiff requests information as to the name of Nurse Bethann as well as Nurse Anita. The identity of Nurse Bethann is irrelevant as set forth above. However, if Defendants know the identity of Nurse Anita, they are to provide it within 20 days of the date of this order.

4. In interrogatory number 9, Plaintiff requests that he be provided with each Defendant's personnel records, including complaints lodged against them by prisoners or staff and any reports questioning their judgment etc. Defendants respond that they have no policy practice or custom complaint against the medical defendants and therefore the information requested is not reasonably calculated to lead to the discovery of admissible evidence. The Court is not entirely clear as to the meaning of this response. The personnel records do not have to be provided because

they are not likely to lead to admissible evidence and they would present a security risk, even if they did exclude confidential personal information. However, if there were any complaints filed of any nature against any of the Medical Defendants that were investigated and found to be warranted, documentation concerning that is to be provided to the Plaintiff within 20 days of the date of this order.

5. In request number 10, Plaintiff requests written contracts between Allegheny County and Allegheny Correctional Health Services Inc.("ACHS") and/or any of the defendants. A copy of the contracts between Allegheny County Health Department and ACHS was provided. Plaintiff requests contracts with the individual Defendants. He seems to indicate that the relevance of these is the qualifications of the Defendants. He states that as far as he is concerned, "none of the nurses are real nurses." Other than Nurse Bethann, the Medical Defendants are ordered to provide information as to the qualifications or licenses or certifications of the Defendant nurses within 20 days of the date of this order.

6. Plaintiff avers that a document attached as Exhibit B is illegible. Exhibit B is a rather lengthy document in a Court finds that it is legible. However, if the Medical Defendants have duty rosters as to the dates of the incidents in question that are not barred by the statute of limitations, they are ordered to provide them to Plaintiff within 20 days of the date of this order.

B. ECF No. 201 Supplemental Motion to Compel Discovery

On August 8, 2012, the Court had a conference in which Plaintiff participated by telephone, to try to iron out the numerous discovery issues that Plaintiff had presented. In this Motion Plaintiff states that, at the conference, he mistakenly

represented that he was awaiting a response to his discovery proposal to Mr. Marovich. He then says that no response was filed and he filed a complete motion to compel which he believes the Court should order the Defendants to respond to as they missed the deadline for any objections. The Court is, unfortunately, not aware of and cannot ascertain from the record, what outstanding requests for discovery exist. The purpose of the August 8 conference was to resolve these discovery issues. It appears from the docket as well as the discussion at the conference, that a significant amount of discovery has been provided. In addition, at this conference, the Court extended discovery until October 31, 2012. If Plaintiff needed additional discovery, he had 3 months to file interrogatories or request for production. In addition to that, at ECF 184 dated July 3, 2012, the Defendants were ordered to either respond to all outstanding discovery requests as outlined in Plaintiff's motion to compel or, send Plaintiff a written proposal to resolve those discovery requests. It is not clear to the Court in the record before it or in this Supplemental Motion, what discovery requests are outstanding. Therefore, this motion will be denied.

C. ECF No. 204 Motion to Conduct Depositions by Written Questions of Various Prisoners

At the conference on August 8, 2012, discussion took place about Plaintiff's request to speak by telephone to 67 potential inmate witnesses. The Court advised him to file a motion for a Court order allowing him to send deposition by written questions pursuant to F.R.C.P. 31, to up to 12 inmate witnesses. Plaintiff was ordered to provide a brief proffer as to what testimony each witness would provide. Plaintiff was ordered to file this motion no later than August 31, 2012. Although it was not

received by the Clerk until October 3, 2012, the Court notes that the envelope was postmarked August 28, 2012 and we have been experiencing some issues with delayed mail. Therefore, the Court will accept it as having been timely filed. The Court denies the request as to those persons who allegedly witnessed events that are barred by the statute of limitations. Those would be Andre Chriswalle(sp?), Richard Hinton, Isaiah Tooks (sp?), and Joseph Briggs. Some of the others are being asked about issues which may not be admissible in this case; however to allow plaintiff to try to prove his allegations of pattern and practice, the Court will allow the deposition by written interrogatories of those persons.

Plaintiff also asks that defendants provide him with current numbers and prison addresses of 5 additional potential witnesses. However, the Court limited Plaintiff to 12 witnesses. In addition, no proffer was provided as to whether or not these potential witnesses were actual witnesses to events that are the subject of this lawsuit and are not barred by the statute of limitations. Therefore, that request will be denied. A separate order will be entered.

Dated: October 16, 2012

Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: ANDRE JACOBS
DQ-5437
SCI Albion
10745, Route 18
Albion, PA 16475

5