IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE JACOBS, | ) |
| Plaintiff, | ) Civil Action No. 08 – 470 |
| v. | ) Chief District Judge Joy Flowers Conti |
| PITTSBURGH POLICE DEPARTMENT, *et al*., | ) Chief Magistrate Judge Lisa Pupo Lenihan |
| Defendants. | ) |

## ORDER

This case is before the Court on the Motions to Dismiss filed by the Defendants on December 17, 2013. (ECF Nos. 320 & 321.) Because Defendants allege that Plaintiff failed to exhaust his administrative remedies pursuant to 28 U.S.C. § 1915 of the Prison Litigation Reform Act, **THE PARTIES ARE HEREBY NOTIFIED THAT THE PENDING MOTIONS WILL BE TREATED AS MOTIONS FOR SUMMARY JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 56. FN1.** Plaintiff is advised that in treating the motions to dismiss as motions for summary judgment, the motions will be evaluated under the standard set forth in Rule 56 of the Federal Rules of Civil Procedure. Plaintiff is on notice that

---

1 When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court generally should consider "only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Berry v. Klem, 283 F. App'x 1, 3 (3d Cir. 2008) (quoting Lum v. Bank of America, 361 F.3d 217, 222 (3d Cir. 2004). A court may also consider indisputably authentic documents. Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004). If other matters are considered by the court, a motion to dismiss should be converted to a motion for summary judgment. Berry, 283 F. App'x at 3 (citing Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1197 (3d Cir. 1993)); *see also* Fed. R. Civ. P. 12(d). "Reliance on declarations from prison officials or Corrections Department administrators requires conversion." Berry, 283 F. App'x at 3 (citing Camp v. Brennan, 219 F.3d 279, 280 (3d Cir. 2000)); *see also* Goodson v. Maggi, No. 08-44, 2010 U.S. Dist. LEXIS 26805, 2010 WL 1052963, at *1 (W.D. Pa. Feb. 24, 2010) (Declaration supporting motion to dismiss on ground that plaintiff had not exhausted claim as required by the Prison Litigation Reform Act required conversion). Hence, the Defendants' motions require conversion.

failure to respond to the pending motions may result in the entry of judgment against him.

**AND NOW, this 27th day of December, 2013:**

**IT IS HEREBY ORDERED that** Plaintiff shall be allowed until January 24, 2014, to respond to Defendants' motions, which have been converted into motions for summary judgment.

**IT IS FURTHER ORDERED** that **no extensions** will be granted without just cause.

**IT IS FURTHER ORDERED** that should Plaintiff fail to comply with this order, the motions will be decided without the benefit of Plaintiff's response and the Court will consider dismissal of this action for failure to prosecute.

**AND IT IS FURTHER ORDERED** that, in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and the Local Rules of Court, the parties are allowed fourteen (14) days from the date of issuance of this Order to file an appeal to the District Judge, which includes the basis for objection to this Order. Any party opposing the appeal shall have fourteen (14) days from the date of service of the notice of appeal to respond thereto. Failure to file a timely notice of appeal will constitute a waiver of any appellate rights.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge

**Cc:** Andre Jacobs
DQ 5437
Luzerene County Correctional Facility
99 Water St.
Wilkes-Barre, PA 18702

Counsel of Record