IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

André JACOBS,

    Plaintiff,

v.

CITY OF PITTSBURGH et al.,

    Defendants.

Civil Action No: 08-470

**MEMORANDUM ORDER**

    Before the court is a document (ECF No. 263) styled as a "complaint" against the magistrate judge and an appeal of certain scheduling orders, filed by plaintiff André Jacobs. The court interprets this document as a motion to disqualify the magistrate judge. At the outset, the court notes that it denied a similar motion by plaintiff to disqualify the magistrate judge (ECF No. 234).[1] Plaintiff disagrees with discovery rulings made by the magistrate judge and argues that these rulings demonstrate partiality by the magistrate judge. Since June 26, 2013, the court has held regular status conferences with the parties in an effort to move discovery forward. For the reasons set forth below, the court will deny the motion to disqualify and will deny the appeal of the scheduling orders as moot.

    The statute governing judicial disqualification provides that

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

---

1    As the court noted in the memorandum order on the prvious motion to disqualify, a magistrate judge may properly refer a motion to disqualify to another judge for decision. *See* 13D Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Richard D. Freer, Federal Practice and Procedure § 3550 (3d ed. 2008).

1

> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

28 U.S.C. § 455. The test for disqualification pursuant to § 455(a) is "whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003). Section 455(b)(1) is narrower and only requires disqualification when a judge has actual bias or personal knowledge about disputed evidentiary facts. *Id.* A court's "rulings alone almost never constitute a valid basis for a bias or partiality motion" and "only in the rarest circumstances evidence the degree of favoritism or antagonism required" for disqualification. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

The crux of plaintiff's motion is his disagreement with discovery rulings made by the magistrate judge. Plaintiff argues that these rulings demonstrate "extreme bias against plaintiff" and evince "a scheme to develop a false record against plaintiff." Plaintiff, however, did not produce any evidence of any actual bias. The unfavorable discovery rulings are not themselves evidence of bias and would not cause a reasonable person to question the magistrate judge's impartiality. The court recognizes that discovery in this case has been extremely difficult and protracted, but these circumstances do not warrant disqualification.

Plaintiff's appeal of the discovery case management order (ECF No. 259) is moot. This case management order has been superceded and discovery is ongoing. Plaintiff also appeals a scheduling order identified as ECF No. 288. This is a typographical error, and the court is unable to identify which order plaintiff is appealing. Since the discovery schedule has changed, the court believes this appeal is also moot.

AND NOW, this 29th day of January, 2014, upon consideration of the plaintiff's motion to disqualify and appeal of scheduling orders (ECF No. 263), it is hereby ordered that the motion is denied and plaintiff's appeal of scheduling orders is denied as moot.

/s/ Joy Flowers Conti  
Joy Flowers Conti  
Chief United States District Judge