# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

André JACOBS,

    Plaintiff,

v.

CITY OF PITTSBURGH, et al.,

    Defendants.

Civil Action No. 08-470

**MEMORANDUM ORDER**

Before the court is an appeal (entitled "objections") (ECF No. 360) filed by plaintiff André Jacobs ("plaintiff") requesting review of the magistrate judge's order (ECF No. 347) denying plaintiff's motion for discovery (ECF No. 342). Defendants moved to dismiss the case based upon plaintiff's failure to exhaust his administrative remedies pursuant to the requirements of the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. The magistrate judge converted the motions to dismiss into motions for summary judgment. (ECF No. 322.) Plaintiff sought to depose inmate witnesses who would testify about the defendants' lack grievance policies and interference with plaintiff's filing of grievances. (ECF No. 342.)

The magistrate judge denied plaintiff's motion for discovery because "plaintiff has not argued that he tried to file any grievances and was prevented." (ECF No. 347, at 1.) Based upon *Nyhuis v. Reno*, 204 F.3d 65 (3d Cir. 2000), and *Booth v. Churner*, 206 F.3d 289 (3d Cir. 2000), the magistrate judge concluded that "whether filing a grievance at the Allegheny County Jail is futile, or whether grievance forms are destroyed, is not relevant to whether Plaintiff has exhausted pursuant to statute." (*Id.* at 3.)

Plaintiff asserts in his brief and affidavit filed in opposition to the motion to dismiss that he filed "dozens of complaints that ACJ refused to process." (ECF No. 334, at 5.) While it is not clear from his brief whether these complaints dealt with the

1

matters at issue in this case, at the status conference held before the court on May 12, 2014, plaintiff clarified that he did file grievances against the named defendants, including the medical defendants, with respect to the matters at issue in this case and that defendants did not process those grievances. Plaintiff further asserted that he has copies of some of the grievances he filed or attempted to file.

In light of this information, the court cannot rule on plaintiff's appeal. The motion for discovery is referred back to the magistrate judge for consideration of whether the requested discovery would be relevant to showing that plaintiff attempted to file grievances but was prevented from doing so or filed grievances that were not processed. After determining that issue, the magistrate judge shall set a briefing schedule for the summary judgment motions. In their summary judgment brief and appendix, the Allegheny County defendants shall identify the county's policy with respect to grievances in effect during the relevant timeframe. Plaintiff shall identify the grievances filed with respect to the matters at issue in this case, including those grievances filed against the medical defendants.

*It is so ordered.*

Dated: May 12, 2014 /s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge