IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE JACOBS, | |
| Plaintiff, | Civil Action No. 08-470 |
| v. | |
| | Chief Judge Joy Flowers Conti |
| DETECTIVE RICHARD USNER, | |
| DETECTIVE MICHAEL O'KEEFE, | Magistrate Judge Lisa Pupo Lenihan |
| DAN ONORATO, WILLIAM EMERICK, | |
| RAMON RUSTIN, RONALD POFI, | |
| MAJOR DONNIS, LT. ACJ LOUIS LEON, | |
| DALE CHAPMAN, ROBERT BEVERIDGE, | |
| BOZAK, ROBBIE PINDEL, KAVALS, | ECF No. 456 |
| McCALL, STANTON, RUBEL, and CRAPIS, | |
| Defendants. | |

## MEMORANDUM OPINION

CONTI, Chief District Judge.

A motion for summary judgment with brief in support was filed by all defendants (collectively "Defendants") on November 5, 2015. (ECF Nos. 456 & 457) On January 6, 2016 a response and brief was filed by plaintiff Andre Jacobs ("Plaintiff"). (ECF Nos. 467 & 468) The motion was referred to United States Magistrate Judge Lisa Pupo Lenihan in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.C and 72.D.

The magistrate judge's Report and Recommendation (ECF No. 489) filed on August 1, 2016, recommended that the motion for summary judgment be granted only as it relates to defendant Onorato, and that the motion be denied as it relates to all other Defendants. Service was made on all counsel of record.[1] The parties were informed that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule of Court 72.D.2, the parties had fourteen days from the date of service to file objections to the Report and

---

[1] Plaintiff is now represented by counsel.

recommendation. On August 18, 2016, Defendants filed objections. (ECF No. 490). On August 31, 2016, Plaintiff responded to Defendants' objections. (ECF No. 492).

Defendants state four objections within the span of approximately a single typed page. Preliminarily, Defendants indicate that "[f]or the sake of brevity, Defendants do not copy and reargue their arguments below but incorporate the prior pleading into this pleading." (ECF No. 490 at 2). When filing objections to a report and recommendation, underlying briefs may not be incorporated by reference. *Masimo Corp. v. Philips Elec. N.A. Corp.*, 62 F. Supp. 3d 368, 376 (D. Del. 2014). Instead, pursuant to Federal Rule of Civil Procedure 72(b)(2), "a party may serve and file *specific* written objections to the proposed findings and recommendation." Fed. R. Civ. P. 72 (b)(2)(emphasis added). Defendants' objections are vague and contain little to no discussion about the basis for an objection. (ECF No. 490 at 2-3). The Report and Recommendation was thorough and the court concurs with the recommendations made in it. More importantly, Defendants' second, third and fourth objections were not raised in the motion for summary judgment and were therefore waived. "Issues raised for the first time in objections to the magistrate judge's report and recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996), *quoted in Kightlinger v. Pennsylvania*, Civil Action No. 11-936, 2013 WL 4504382, at *2 (W.D. Pa. Aug. 22, 2013).[2]

After review of the pleadings, documents in the case and the objections, together with the comprehensive Report and Recommendation, an appropriate order will be entered.

BY THE COURT

---

[2] Plaintiff responds to Defendants' objections and argues that the court should disregard the objections because they were filed later than fourteen days after service of the report and recommendation. Defendants' objections are timely because Federal Rule of Civil Procedure 6(d) requires that three days be added to the computation period where service is made by certain methods, including electronic means. *See* Fed. R. Civ. P. 6(d).

Dated: September 14, 2016         /s/ Joy Flowers Conti
                                  JOY FLOWERS CONTI
                                  Chief United States District Judge

cc: All counsel of record
    *Via Electronic Mail*