# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANDRÉ JACOBS,                )
                                      )
               Plaintiff,       )
                                        )
              v.          )      Civ. A. No. 08-470
                                        )
ALLEGHENY COUNTY,       )
                                        )
              Defendants.    )

## MEMORANDUM OPINION

**CONTI, Chief District Judge**

Pending before the court is a renewed motion for the court to issue subpoenas (ECF No. 539) filed by plaintiff André Jacobs ("plaintiff") in this prisoner civil rights case asserted under 42 U.S.C. § 1983 against defendant Allegheny County ("defendant"). The court previously denied without prejudice plaintiff's motion to issue subpoenas (ECF No. 529), and permitted plaintiff to renew the motion and the issues contained therein once he identified the witnesses he intends to call at trial. On May 1, 2017, plaintiff filed a renewed motion for the court to issue subpoenas. (ECF No. 539.) Plaintiff, who is proceeding in this case *in forma pauperis*, seeks to be excused from paying witness fees and allowances mandated by 28 U.S.C. § 1821, and sets forth three arguments in support of his position. For the reasons set forth in this opinion, the court is not persuaded that plaintiff can be relieved from his obligations under § 1821, and, therefore, plaintiff's motion will be DENIED.

Plaintiff argues, among other things, that the employees of the Allegheny County Jail ("ACJ") called to testify at trial in this matter are not entitled to witness fees and allowances under 28 U.S.C. § 1821 because all their expenses are covered by an employment contract

between their union and Allegheny County. Plaintiff argues that, under those circumstances, those witnesses will not incur actual expenses, and, therefore, are not entitled to be paid witness fees and allowances under 28 U.S.C. § 1821. Plaintiff in his motion for the court to issue subpoenas (ECF No. 529) sets forth an alleged quote from that contract. Plaintiff, however, did not attach that contract to his motion or renewed motion or make a sufficient showing that the employees of Allegheny County whom he intends to call at trial were subject to that provision or that provision actually exists in such a contract. The court cannot make any finding based upon that alleged contractual provision.

Even if plaintiff supplemented his renewed motion with the contract and proved that the ACJ witnesses he intends to call at trial were subject to that contract, the court is not convinced that the plain language of § 1821 supports his argument. Plaintiff argues that because the ACJ witnesses are paid for their court appearances by their employer, and may be provided transportation from their place of employment to the courthouse, they will not incur actual expenses, and, therefore, they are not entitled to payment under § 1821. Title 28, United States Code § 1821(a) instructs:

> a witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.

28 U.S.C. § 1821(a). Section 1821 does not exempt litigants from paying witness fees to federal, state, or local government employees or other witnesses who will otherwise be compensated for the time they spend in court or at a deposition. The legislative history of § 1821 instructs that the witness fee, which is currently set as forty dollars per day,

> IS NOT INTENDED AS REIMBURSEMENT FOR LOST INCOME, WITNESS SERVICE BEING A PUBLIC OBLIGATION FOR WHICH THE

GOVERNMENT IS NOT REQUIRED TO PROVIDE COMPENSATION. HOWEVER, AS A MATTER OF PUBLIC POLICY THE GOVERNMENT OUGHT NOT TO TAKE THE TIME OF CITIZENS, ANY MORE THAN THEIR PROPERTY WITHOUT REASONABLE COMPENSATION. MOREOVER, FAIR COMPENSATION SHOULD BE PROVIDED IN ORDER TO PROMOTE RESPECT FOR CITIZEN PARTICIPATION IN OUR SYSTEM OF JUSTICE. PAYMENT OF $30 PER DAY, WHICH TRANSLATES INTO AN ANNUAL WAGE OF $7,500, IS THE MINIMALLY ACCEPTABLE LEVEL FOR THE DAILY ATTENDANCE FEE.

H.R. REP. NO. 95-1651, at 3 (1978). Plaintiff does not provide any support or authority that would excuse him from paying the witness fee or other allowances mandated by § 1821.

Plaintiff also argues that this court should call plaintiff's witnesses as witnesses of the court, pursuant to Federal Rule of Evidence 614. As this court stated on the record at the hearing held on May 8, 2017, the court cannot discern that there is any basis on the record before the court that would necessitate the court to exercise its discretion to call plaintiff's witnesses as its own. United States v. Green, 544 F.2d 138, (3d Cir. 1976); 29 CHARLES A. WRIGHT, ARTHUR R. MILLER & VICTOR GOLD, FEDERAL PRACTICE AND PROCEDURE § 6232 (2d ed. 2016) ("[T]he judicial powers created by Rule 614 are properly invoked where attorneys have omitted important evidence or where their presentation of evidence is confusing, misleading, or otherwise requires clarification.").

Plaintiff also raises in his motion for the court to issue subpoenas this court's previous ruling limiting the scope of the depositions of ACJ employees to the timeframe relevant in this case. Plaintiff argues the court's ruling was erroneous because the evidence subject to discovery is greater than what may be admitted at trial. (ECF No. 529 at 5.) To the extent this portion of

plaintiff's motion is a motion for reconsideration[1] of the court's prior ruling, plaintiff did not satisfy the relevant standards to show that reconsideration is warranted.

The court is not satisfied that plaintiff's arguments with respect to this court's previous ruling are a proper basis upon which plaintiff may be excused from paying witness fees and allowances under § 1821 or for the court to call plaintiff's witnesses as witnesses of the court, pursuant to Rule 614.

For the foregoing reasons, the court will DENY WITH PREJUDICE plaintiff's renewed motion for the court to issue subpoenas (ECF No. 539).

An appropriate order will be entered.

BY THE COURT,

Dated: May 10, 2017

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Judge

---

[1]    The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration under Federal Rule of Civil Procedure 59(e) must therefore rely on one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already rightly or wrongly made. Williams v. Pittsburgh, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998). Litigants are cautioned to " 'evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant.' " Waye v. First Citizen's Nat'l Bank, 846 F.Supp. 310, 314 n. 3 (M.D. Pa. 1994) (quoting Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Motions for reconsideration should not relitigate issues already resolved by the court and should not be used to advance additional arguments which could have been made by the movant before judgment. Reich v. Compton, 834 F.Supp. 753, 755 (E.D. Pa. 1993) aff'd in part, rev'd in part, 57 F.3d 270 (3d Cir. 1995).