# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANDRE JACOBS**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-470 |
| | ) | |
| **MICHAEL O'KEEFE, WILLIAM EMERICK, RAMON RUSTIN, JAMES DONNIS, RONALD POFI, LOUIS LEON, DALE CHAPMAN, ROBERT BEVERIDGE, BRIAN BOSACK, ROBBIE PINDEL, WILLIAM KAVALS, DALE MCCALL, KENNETH STANTON, KENNETH RUBEL, AND MICHAEL CRAPIS,** *in their individual and official capacities,* | ) | |
| Defendants. | ) | |

## OPINION

### I. Introduction

Pending before the court are a series of motions with respect to requests by pro se plaintiff Andre Jacobs ("plaintiff") for the court to order defendants who are employees or former employees of Allegheny County to pay the judgment entered against them and his taxable costs. (ECF Nos. 664, 665, 666.) Pending also before the court is defendants' motion for a stay of execution of judgment pending appeal and waiver of bond requirement. (ECF No. 677.) The court will grant the defendants' request for a stay without the issuance of bond and deny plaintiff's motions requesting execution of judgment because this case is currently on appeal to the Third Circuit Court of Appeals and waiver of the bond requirement is appropriate under Federal Rule of Civil Procedure 62(f). Plaintiff's motion for reconsideration will be denied

because his requests for costs are premature in light of Local Rule of Court 54, and he did not set forth a valid basis upon which that decision should be reconsidered.

**II. Background**

On June 21, 2017, after more than nine years of litigation, a jury returned a verdict finding in favor of plaintiff with respect to many—but not all—of his claims asserted against defendants under 42 U.S.C. § 1983. (ECF No. 632.) On June 27, 2017, plaintiff filed a Bill of Costs. (ECF No. 634.) Judgment was entered on August 28, 2017. (ECF No. 657.) On that date, plaintiff filed a Supplemental Bill of Costs. (ECF No. 659.) On September 13, 2017, plaintiff filed a motion to order reimbursement of pretrial expenses. (ECF No. 660.) On September 27, 2017, defendants—with the exception of James Donnis—filed their notice of appeal. (ECF No. 661.) On October 2, 2017, the Clerk of Courts sent the parties a letter, which was filed on the docket, informing them that he was going to defer consideration of the plaintiff's Bill of Costs and Supplemental Bill of Costs until after the disposition of the appeal, pursuant to Local Rule 54 B. (ECF No. 663.) On October 3, 2017, this court denied the motion to order reimbursement of pretrial expenses as premature in light of the Clerk of Court deferring consideration of the Bill of Costs and Supplemental Bill of Costs until the disposition of the appeal. (ECF No. 664.)

On October 10, 2017, plaintiff file a supplemental motion for writ of execution, a motion for writ of execution or order for security bond, and a notice of appeal along with a motion for reconsideration of the court's order denying the motion to order reimbursement of pretrial expenses. (ECF Nos. 665, 666.) On December 14, 2017, defendants filed an amended notice of appeal, which added defendant James Donnis to the appeal. (ECF No. 673.) On December 15, 2017, defendants filed responses to plaintiff's pending motions. (ECF Nos. 674-76.) On December 21, 2017, defendants filed a motion to stay execution of judgment pending appeal and

waiver of bond requirement. (ECF No. 677.) On January 5, 2018, plaintiff filed a response to that motion. (ECF No. 678.)

The pending motions having been fully briefed are now ripe to be decided by the court.

### III. Motion for Stay of Execution of Judgment Pending Appeal and Waiver of Bond Requirement (ECF No. 677)

Federal Rule of Civil Procedure 62, entitled "Stay of Proceedings to Enforce a Judgment[,]" in pertinent part provides:

> **(d) Stay with Bond on Appeal.** If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.
> …
> **(f) Stay in Favor of a Judgment Debtor Under State Law.** If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give.

FED. R. CIV. P. 62.

This case is currently on appeal. The court will grant defendants' request for a stay, pursuant to Rule 62(d). The court must decide whether to require defendants to post a bond. Defendants were sued in their individual *and* official capacities, and, therefore, the verdict in favor of plaintiff against defendants in their official capacities is a verdict against Allegheny County, and Rule 62(f) is implicated in this case. Under Pennsylvania law, a verdict or judgment entered against Allegheny County creates a lien on real property owned by Allegheny County. 231 Pa. Code §§ 3022-23. Pursuant to Pennsylvania Rule of Appellate Procedure 1736(a)(2), a political subdivision of the Commonwealth of Pennsylvania is not required to post a security in order to stay an execution of judgment. The Pennsylvania Rules of Civil Procedure define a political subdivision as "any county." Pa. R. Civ. P. 76; <u>Feldman v. Phila. Housing Auth</u>, Civ.

3

Action No. 91-5861, 1994 WL 46514, at *1 (E.D. Pa. Feb. 16, 1994). The court concludes that the judgment entered in this case is a lien on Allegheny County's property under Pennsylvania law, and, under Pennsylvania law, Allegheny County is exempted from posting a security to stay the execution of judgment. Allegheny County's solvency and ability to pay the judgment has not been attacked or questioned in this case. Sealover v. Carey Canada, 806 F.Supp. 59, 62-63 (M.D. Pa. 1992) ("Proof by the losing party of its ability to pay the judgment is a recognized exception to the Rule 62(d) bond requirement, provided the court is assured that the defendant will remain solvent and maintain that same ability to pay the judgment throughout the appeal process."). Thus, this court will not require Allegheny County to post a security in this case to stay the execution of judgment. Defendants' motion for stay of execution of judgment pending appeal and waiver of bond requirement (ECF No. 677) will be granted, and plaintiff's motions seeking an execution of judgment (ECF Nos. 665, 666) will be denied as premature in light of the stay.

**IV. Motion for Reconsideration of Denial of Motion for Reimbursement (ECF No. 668)**

This court denied the motion to order reimbursement of pretrial expenses as premature in light of the Clerk of Court deferring consideration of the Bill of Costs and Supplemental Bill of Costs until the disposition of the appeal. (ECF No. 664.) Plaintiff has not provided the court a valid basis upon which to reconsider that decision. Local Rule of Court 54 provides:

> 1. Absent extenuating circumstances, the Clerk of Court will tax costs for a prevailing party only after the time for filing an appeal has expired. Generally, costs will not be taxed while an appeal is pending because of the possibility that the judgment may be reversed. However, if a party believes there is a reason why there should be an immediate taxation in a particular case, that party may make a written request for taxation prior to resolution of the appeal.

LCvR 54(B)(1). This case is on appeal. Defendants appealed many rulings and decisions of this court. If defendants are successful on appeal, plaintiff would not be entitled to an award of costs as a prevailing party. FED. R. CIV. P. 54(d). The proper procedure in this case is for

consideration of plaintiff's Bill of Costs and Supplemental Bill of Costs to be deferred until the cross-appeals are decided by the court of appeals.[1] The court is not otherwise convinced that there is cause for immediate taxation in this case. Although plaintiff is a pro se litigant, the rule does not provide an exception for pro se litigants. Plaintiff's motion for reconsideration (ECF No. 668) will be denied.

V. **Conclusion**

For the reasons set forth in this opinion, the motion for stay of execution of judgment pending appeal and waiver of bond requirement (ECF No. 677) will be granted, the motions for a writ of execution (ECF Nos. 665, 666) will be denied as premature in light of the stay, and the motion for reconsideration (ECF No. 664) will be denied. The execution of judgment is stayed pending resolution of the appeal, and the bond requirement for defendants will be waived. An appropriate order will be entered.

By the court,

Dated: January 16, 2018

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Judge

cc:
**ANDRE JACOBS**
DQ-5437
SCI Albion
10745 Route 18
Albion, PA 16475

---

[1] Plaintiff's argument that whether he is entitled to costs is not on appeal misses the mark. (ECF No. 678.) Plaintiff's entitlement to costs, including pretrial expenses, arises out of his status as a prevailing party. Whether plaintiff prevailed in this case is squarely before the court of appeals. Thus, deferment of consideration of his Bill of Costs and Supplemental Bill of Costs is appropriate.